Date signed April 24, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                     :
                                           :
THEODORE GALAMO                            :      Case No. 06-16475PM
                                           :      Chapter 13
         Debtor                            :
- - - - - - - - - - - - - - - - - - - - - -:

## MEMORANDUM OF DECISION

This case comes before the court on the motion filed February 20, 2008, by My Troung Le ("Le") to vacate this court's Order entered December 28, 2007, confirming Debtor's Amended Chapter 13 Plan.

The following is the chronology of this dispute:

**October 18, 2006** - A petition was filed in proper person by the Debtor who filed a contemporaneous motion to pay the filing fee in installments. Debtor did not file a Certificate of Credit Counseling or a request for waiver pursuant to 11 U.S.C. § 109(h)(3) or 109(h)(4). The court issued a Memorandum (D.E.. #5) advising him that the case would be dismissed unless he established grounds for the waiver of the requirement for filing the Certificate.

**November 6, 2006** - No grounds for a waiver being established, this case was dismissed.

**December 13, 2006** - Debtor filed a Certificate of Credit Counseling and a motion to reconsider the Order dismissing the case.

**December 14, 2006** - At 11:53 a.m. Wells Fargo Bank conducted a foreclosure sale of

the subject property.  Le was the high bidder.

**December 14, 2006** - At 4:44 p.m. an Order was entered granting the Debtor's motion to reconsider and vacating the Order of dismissal.

**January 4, 2007** - Because the Debtor failed to file the required documents to accompany the bankruptcy petition within the time limits established by Fed. Rules of Bankruptcy Proc. 1007 and 3015, as an accommodation to debtors filing in proper person, the court issued an Order to Show Cause advising Debtor that if the documents were not filed by January 12, 2007, the case would be dismissed.

**January 17, 2007** -  The required documents not having been filed, the case was dismissed.

**January 26, 2007** - The Debtor's motion for reconsideration of the second dismissal Order was denied.

**April 23, 2007** - Debtor, now represented by counsel, filed a motion to reopen this case. The motion was granted by Order entered April 26, 2007.

**April 26, 2007** - Debtor filed his Schedules, Statement of Financial Affairs, Chapter 13 Plan and other required documents.

**July 2, 2007** - Following the filing by the Chapter 13 Trustee of an objection to Debtor's Plan, Debtor filed an Amended Plan (D.E. #57).  The Plan provided for cure of the deficiency due two creditors secured by liens upon Debtor's residence.  The record does not reflect that the Amended Plan was ever served upon Le.  The Amended Plan does not deal with the foreclosure sale conducted in the hiatus when Debtor was without the protection of 11 U.S.C. § 362(a).

**July 31, 2007** - The confirmation hearing on Debtor's Amended Plan was held.  On the recommendation of the Chapter 13 Trustee, the court ruled that it would confirm the Amended Plan (hereafter "the Plan"), but directed the Trustee to hold the confirmation order for receipt of the balance of plan payments due to date.

**August 1, 2007** - Wells Fargo Bank, N.A., the holder of a lien secured by Debtor's residence ("Wells Fargo"), filed a motion under 11 U.S.C. § 362(d) for relief from stay.  The motion was based upon the fact that a foreclosure sale had taken place and that Debtor did not have the right to redeem the property.  The motion sought relief from the automatic stay to enable Wells Fargo to complete the foreclosure process.

**August 21, 2007** - Debtor filed an opposition to the motion, pleading that he proposed

to pay off Wells Fargo by a sale or refinancing and that Wells Fargo was barred by principles of *res judicata* in that it was subject to the terms of the confirmed plan.  The Plan makes no mention of either a proposed sale or refinancing.  As to the secured creditors, the Plan provided for curing of the arrears and maintenance of current monthly payments.

**September 24, 2007**  -  When Debtor took no action following the filing of the Trustee's pleading reporting the Debtor's failure to make the payments required prior to entry of the Confirmation Order, the court passed an Order denying confirmation without leave to amend.

**September 26, 2007**  -  The court entered a Consent Order on the Motion for Relief From Stay.  The Order provided:

> UPON CONSIDERATION WHEREOF, it is, therefore, ADJUDGED and ORDERED that the Motion be, and the same hereby is, granted as to the Co-Debtor and;
>
> It is further ADJUDGED and ORDERED that the Stay of 11 U.S.C. 362(a) is hereby modified thereby permitting foreclosure and possession proceedings to be instituted and/or continued, including the exceptions hearing, in the Circuit Court for Montgomery County, Maryland on the Deed of Trust and the subsequent sale of the subject property.
>
> It is further ADJUDGED and ORDERED that if the Movant/Plaintiff prevails in the foreclosure/possession/exceptions hearing in the Circuit Court for Montgomery County, Maryland then the automatic stay of 11 U.S.C. 362(a) is hereby terminated.
>
> It is further ADJUDGED and ORDERED that if the Respondent/Debtor/ Defendant prevails in the foreclosure/possession/exceptions hearing in the Circuit Court for Montgomery County, Maryland then the automatic stay of 11 U.S.C. 362(a) is hereby in effect.
>
> It is further ADJUDGED and ORDERED that the Movant/Plaintiff is not prejudiced by the entry of this ORDER and may move for Relief from the Automatic Stay if the Respondent/Debtor/Defendant subsequently defaults, post-petition, on the loan with the Movant/Plaintiff.

**November 9, 2007**  -  The court granted Debtor's motion for reconsideration of the Order entered September 24, 2007, there being no opposition.

**December 28, 2007**  -  This court passed an Order confirming Debtor's Chapter 13 Plan filed July 2, 2007.

**February 6, 2008**  -  The parties appeared before the Circuit Court for Montgomery

County, Maryland, for a hearing on the exceptions filed to the foreclosure sale. That court overruled the exceptions to the sale.

Debtor argues rightly that revocation of an order confirming a chapter 13 plan must be accomplished through an adversary proceeding. 11 U.S.C. § 1330, Fed. Rule of Bankruptcy Proc. 7001(5). However, the court must, in the circumstances presented here, cut through form and deal with the substance of the dispute. In the first instance, the Debtor participated fully in the state court matter. Having been unsuccessful, he cannot be heard now to say that matter was a nullity. Would he have done so, if he had prevailed? Next, proceeding by way of the state court trial was precisely what he agreed to in the Consent Order. As stated by Justice Cardozo, "[n]othing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned." *U.S. v. Swift & Co.*, 286 U.S. 106, 119 (1932). No such showing has been made here.

The Debtor next urges that the confirmed Plan operates as *res judicata*. With this general principle there can be no argument, but nothing in the Plan conflicts with the procedure followed in this case. The Plan neither provides for sale or refinancing of the subject real estate, nor does it operate to override the Consent Order. If Debtor's intention was to nullify the Consent Order, it could not be done through a plan, even if sale or refinancing were an express provision in a plan that had been served on Wells Fargo and Le. *See, Cen-Pen Corp. v.Hanson*, 58 F.3d 89, 92-93 (CA4 1995).

An appropriate order will be entered.

cc:
Ira L. Oring/M. Elizabeth Nowinski, Esq., 36 S. Charles St., #2300, Baltimore, MD 21201
Craig W. Stewart, Esq., 639 Main Street, Laurel, MD 20707
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Theodore N. Galamo, 404 Lanark Way, Silver Spring, MD 20901
Brian S. McNair, Esq., 1861 Wiehle Avenue, #300, Reston, VA 20190
Solange P. Hangou, 404 Lanark Way, Silver Spring, Md 20901

**End of Memorandum**